**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| | | Case No. 21-16774-NVA |
| **APRIL MICHELLE ALEXANDER-GILES,** | * | |
| | * | (Chapter 7) |
| Debtor. | | |
| | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| **CRAIG B. LEAVERS,** | * | |
| **CHAPTER 7 TRUSTEE,** | | |
| | * | |
| Plaintiff, | | Adversary No. _____ |
| | * | |
| v. | | |
| | * | |
| **CARVANA, LLC** | | |
| 1930 West Rio Salado Parkway | * | |
| Tempe, Arizona  85281, | | |
| | * | |
| **TO BE SERVED ON:** | | |
| CSC-Lawyers Incorporating | * | |
| Service Co., Resident Agent | | |
| 7 St. Paul Street, Suite 820 | * | |
| Baltimore, Maryland 21202, | | |
| | * | |
| **Defendant**. | | |
| | * | |

* * * * * * * * * * * * *

**COMPLAINT TO AVOID LIEN AND TO AVOID AND**
**RECOVER TRANSFER AND FOR OTHER RELATED RELIEF**

Page 1 of  8

Craig B. Leavers, the Chapter 7 Trustee in the above-captioned case, by his undersigned counsel, files this Complaint to Avoid Lien and to Avoid and Recover Transfer and for Other Related Relief (the "Complaint"). In support of the Complaint, the Trustee states as follows:

### Jurisdiction and Venue

1. This is an action to avoid transfers pursuant to 11 U.S.C. §§ 544, 547, 549, as well as to recover property or its value from the transferee pursuant to 11 U.S.C. § 550.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(F) and (b)(2)(K).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Parties

4. Plaintiff, referred to hereinafter as the "Trustee", was appointed to serve as interim trustee in the above-captioned bankruptcy case commenced by the debtor, April Michelle Alexander-Giles (the "Debtor"). No other trustee was appointed at the Debtor's meeting of creditors held on December 6, 2021. The Trustee has accepted his appointment, has qualified and is acting in that capacity.

5. Defendant Carvana, LLC (the "Defendant") is a foreign limited liability company organized under the laws of the State of Arizona that has registered with the Maryland State Department of Assessments and Taxation to conduct business in the State of Maryland.

6. The Defendant sells used vehicles online as well as finances the purchase of those vehicles.

**Background**

7. On August 18, 2021, the Debtor purchased and took possession of a used 2020 Chevrolet Traverse Sport Utility VIN 1GNERGKWOLJ230066 (the "Vehicle") from the Defendant.

8. The Debtor's acquisition of the Vehicle was financed by the Defendant via a Retail Installment Sale Contract (the "Contract"). The Contract granted the Defendant a security interest in the Vehicle.

9. Seventy (70) days after she purchased and took possession of the Vehicle, on October 27, 2021 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

10. Two (2) days after the Petition Date, on October 29, 2021, the Defendant perfected its security interest in the Vehicle by delivering the necessary paperwork and fees to the Maryland Vehicle Administration (the "Transfer").

**Count I**
**Avoidance and Recovery of Transfer – Lien on Vehicle**
**(11 U.S.C. §§ 544(a), 550)**

11. The Trustee incorporates by reference the allegations set forth in paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. As of the Petition Date, the Defendant had not perfected its interest in the Vehicle in accordance with applicable Maryland Law. More specifically, as of the Petition Date, the Defendant had not (a) filed all necessary documentation with the Maryland Vehicle Administration, and/or (b) paid all necessary fees to the Maryland Vehicle Administration.

13.   Pursuant to 11 U.S.C. §544(a) the Trustee is authorized to avoid any transfer of property of the Debtor or any obligation incurred by the Debtor that would be avoidable by a judgment lien creditor of the Debtor as of the Petition Date.

14.   As of the Petition Date, the rights of a judgment lien creditor in and against the Vehicle would have been superior to the rights of the Defendant in the Vehicle.

15.   The Transfer is avoidable under 11 U.S.C. § 547, and is recoverable from the Defendant pursuant to 11 U.S.C. § 550.

### Count II
### Avoidance and Recovery of Preferential Transfer – Lien on Vehicle
### (11 U.S.C. §§ 547 and 550)

16.   The Trustee incorporates by reference the allegations set forth in paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17.   The Defendant failed to perfect its security interest in the Vehicle prior to the Petition Date.  Further, that post-petition date of perfection was more than 30 days after the Debtor granted a security interest in the Vehicle as well as more than 30 days after the Debtor purchased and took possession of the Vehicle.  Consequently, pursuant to 11 U.S.C. § 547(e)(2), the Transfer occurred immediately prior to Petition Date.

18.   The Transfer was made to or for the benefit of the Defendant.

19.   The Transfer was a transfer of an interest of the Debtor in property for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfer was made.

20.   The Transfer was made while the Debtor was insolvent.

21.   The Transfer was made on or within 90 days before the Petition Date.

22. The Transfer enabled the Defendant to receive more on account of its debt than the Defendant would have received if the Debtor's case was a case under Chapter 7 of the Bankruptcy Code, the Transfer had not been made, and the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

23. The Transfer constitutes avoidable transfer under 11 U.S.C. § 547(b), and is recoverable from the Defendant pursuant to 11 U.S.C. § 550.

### Count III
### Avoidance and Recovery of Post-Petition Transfer – Lien on Vehicle
### (11 U.S.C. §§ 549 and 550)

24. The Trustee incorporates by reference the allegations set forth in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. The Transfer occurred after the commencement of the Bankruptcy Case.

26. The Transfer was a transfer of property of the estate that was not authorized by any section of the Bankruptcy Code or by this Court.

27. The Transfer constitutes avoidable transfer under 11 U.S.C. § 549, and is recoverable from the Defendant pursuant to 11 U.S.C. § 550.

### Count IV
### Transfer Void *Ab Initio* - Violation of the Automatic Stay – Lien on Vehicle
### (11 U.S.C. § 362)

28. The Trustee incorporates by reference the allegations set forth in paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. By virtue of the filing of the petition commencing the Bankruptcy Case, all of the Debtor's legal and equitable interests in the Vehicle became "property of the estate" within the contemplation of 11 U.S.C. § 541.

30. As of the commencement of the Bankruptcy Case, neither the Defendant nor the Debtor had the authority to transfer an interest in any property of the estate including the Vehicle.

31. The Trustee did not authorize the Transfer.

32. The Defendant provided no present equivalent value after the Petition Date in exchange for the Transfer.

33. The Transfer was a post-petition act to create, perfect, or enforce a lien against property of the Debtor's bankruptcy estate.

34. The Transfer was a post-petition act to create, perfect, or enforce against property of the Debtor a lien that secures a claim that arose before the commencement of the Bankruptcy Case.

35. The Transfer violated 11 U.S.C. § 362 and was of no force and effect and is void *ab initio*.

**Count V**
**Avoidance and Recovery of Preferential Transfer – Payments Made by Debtor**
**(11 U.S.C. §§ 547 and 550)**

36. The Trustee incorporates by reference the allegations set forth in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. Upon information and belief, the Debtor made payments to Defendant on account of the Contract within 90 days prior to the Petition Date (the "Prepetition Payments").

38. The Prepetition Payments were made to or for the benefit of the Defendant.

39. The Prepetition Payments were a transfer of an interest of the Debtor in property for or on account of an antecedent debt owed by the Debtor to the Defendant before those payments were made.

40. The Prepetition Payments were made while the Debtor was insolvent.

41. The Prepetition Payments were made on or within 90 days before the Petition Date.

42. The Prepetition Payments enabled the Defendant to receive more on account of its debt than the Defendant would have received in the Bankruptcy Case if the Prepetition Payments had not been made and the Defendant received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

43. The Prepetition Payments constitute avoidable transfers under 11 U.S.C. § 547(b), and are recoverable from the Defendant pursuant to 11 U.S.C. § 550.

WHEREFORE, the Trustee respectfully requests that the Court make such findings and enter such judgments as are appropriate, including, without limitation, alternatively or cumulatively, the following:

(A) Find and declare that the Defendant's lien on the Vehicle, if any, is junior and subordinate to the rights and powers vested in the Trustee by 11 U.S.C. §544 and/or is avoidable by the Trustee pursuant to that provision;

(B) Find and declare that the Defendant's lien on the Vehicle, if any, is avoidable by the Trustee pursuant to 11 U.S.C. §547;

(C) Find and declare that Defendant's lien on the Vehicle, if any, is avoidable by the Trustee pursuant to 11 U.S.C. §549;

(D) Avoid Defendant's lien, if any, against the Vehicle, and find and declare that the Defendant's avoided lien is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551;

(E) Find and declare the nature, extent and validity of the Defendant's purported interest in the Vehicle, if any;

(F) Find that the post-petition perfection of the Defendant's security interest in the Vehicle is void *ab initio* and of no force or effect whatsoever;

(G) Find and declare that any interests of the Defendant avoided herein be preserved for the benefit of the estate;

(H) Find and declare that the Prepetition Payments are avoidable by the Trustee pursuant to 11 U.S.C. §547;

(I) Avoid the Prepetition Payments;

(J) Enter judgment in favor of the Trustee and against the Defendant in the amount of the Prepetition Payments and the value of the Vehicle, damages for any violation of the stay, plus costs and pre- and post-judgment interest; and

(K) Grant the Trustee such other and further relief as is just and proper.

  /s/ Craig B. Leavers
Craig B. Leavers, Bar No. 26914
P.O. Box 306
Cockeysville, Maryland 21030
(443) 318-4526
Craig@LeaversLaw.com

*Attorney for Chapter 7 Trustee*