**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| **APRIL MICHELLE ALEXANDER-GILES,** | * | **Case No. 21-16774-NVA** |
| | * | **(Chapter 7)** |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **CRAIG B. LEAVERS, CHAPTER 7 TRUSTEE,** | * | |
| | * | |
| Plaintiff, | * | **Adversary No. 21-00252** |
| | * | |
| v. | * | |
| **CARVANA, LLC,** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT TO REMOVE COUNT V (AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER)

Craig B. Leavers, Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), by his undersigned counsel, pursuant to Fed. R. Civ. P. 15, made applicable herein by Fed. R. Bankr. P. 7015, files this motion seeking leave to amend the complaint in this matter so as to remove Count V (the "Motion"). In support of the Motion, the Trustee states as follows:

#### Background

1.  On October 27, 2021 (the "Petition Date"), the debtor herein (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

2.      Seventy (70) days prior to the Petition Date, on August 18, 2021, the Debtor purchased and took possession of a used 2020 Chevrolet Traverse Sport Utility VIN 1GNERGKWOLJ230066 (the "Vehicle") from Defendant Carvana, LLC (the "Defendant").  The Debtor's acquisition of the Vehicle was financed by Defendant *via* a Retail Installment Sale Contract (the "Contract"), which granted the Defendant a security interest in the Vehicle.

3.      Two (2) days after the Petition Date, on October 29, 2021, the Defendant perfected its security interest in the Vehicle by delivering the necessary paperwork and fees to the Maryland Vehicle Administration (the "Transfer").

4.      Based on the foregoing, on December 8, 2021, the Trustee commenced the above-captioned adversary proceeding against the Defendant by filing a Complaint to Avoid Lien and to Avoid and Recover Transfer and for Other Related Relief (the "Complaint").

5.      Counts I through IV of the Complaint aver various causes of action seeking to avoid and recover the Transfer, and Count V avers a cause of action seeking to avoid and recover prepetition payments made by the Debtor to the Defendant.

6.      The Defendant consented to Counts I through IV of the Complaint, resulting in the entry of Defendant Carvana, LLC's Consent to Judgment as to Counts I, II, III, and IV (the "Consent to Judgment").  (Doc. No. 5)  The Defendant, however, has not consented to Count V, and, before agreeing to the Consent to Judgment, informed the Trustee that it believed it had a defense to the claim.  Shortly thereafter, based on information provided by the Defendant to the Trustee, it was determined that the Debtor only paid Defendant an aggregate of $2,000.00 prior to the Petition Date.

7.      In light of the foregoing, the Trustee now desires to amend the Complaint so as to remove Counts V.  The Trustee believes that it would cost more to litigate the remaining Count V than the $2,000.00 he seeks to recover.  As such, he no longer desire to pursue Count V.  A copy of the Amended Complaint is attached hereto as ***Exhibit A***.

### Legal Standard

8.     Although the Fourth Circuit has not ruled on the issue, a number of circuits have found that Fed. R. Civ. P. 41(a) provides only for the dismissal of actions, not individual claims, and that, absent a stipulation of the parties, amending the complaint is the proper procedure for a plaintiff to dispense with individual claims. *See, e.g., Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("Rule 41(a) governs dismissals of *entire actions*, not of individual claims"); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[a] plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss, under Rule 41(a).") (citations omitted).

9.     Rule 15 provides that "a party may amend its pleading with . . . the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

10.     The general standard for determining "when justice so requires " is "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962).

11.     As the Fourth Circuit has explained the *Foman* factors, prejudice, bad faith, and futility are "the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants." *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980); *see also*, *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 509 (4th Cir. 1986) ("In *Foman,* the Court indicated that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.").

## Argument

12.     Applying these principals to the instant case, justice requires that the Trustee be granted leave to amend the Complaint so as to remove Count V.  The amendment to the Complaint is not being proposed by the Trustee out of bad faith.  He is simply seeking to remove a claim that is not economically feasible to pursue.

13.     Further, the amendment would not be prejudicial to the Defendant, as the Trustee is abandoning a claim as opposed to adding claims asserting a new legally theory that would require the gathering and analysis of facts not already a part of the Complaint.

14.     Pursuant to Local Bankruptcy Rule 9013-2, no memorandum of fact and law will be filed.  The Trustee will rely solely upon this Motion.

WHEREFORE, Plaintiff, Craig B. Leavers, Chapter 7 Trustee, respectfully requests entry of an Order:

(A)     Granting the Trustee leave to amend the Complaint so as to remove Counts II (Unjust Enrichment) and III (Account Stated), leaving only Count I (Turnover); and

(B)     That Plaintiff, Craig B. Leavers, Chapter 7 Trustee, be granted such other and further relief as is just.

Respectfully submitted,

 /s/ Craig B. Leavers
Craig B. Leavers, Bar No. 26914
The Law Offices of Craig B. Leavers, LLC
P.O. Box 306
Cockeysville, Maryland 21030
Phone:  (443) 318-4526
Craig@LeaversLaw.com

*Attorney for Craig B. Leavers, Trustee*

4

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 25th day of January, 2022, a copy of the foregoing was

served on the parties listed below by electronic service via CM/ECF:

> Mark D. Meyer, Esq.
> Rosenberg and Associates, LLC
> 4340 East West Highway, Suite 600
> Bethesda, MD 20814
> *(Attorney for Defendant)*


                                    /s/ Craig B. Leavers
                                    Craig B. Leavers